IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CYNDI JOHNSON,**

        **Plaintiff,**

  vs.

**WENDY'S RESTAURANT,**

        **Defendant.**

Civil Action 2:05-CV-1060

Magistrate Judge Norah McCann King

## OPINION AND ORDER

This is an employment action in which plaintiff alleges that her work hours were reduced and she was eventually terminated in retaliation for having complained of gender harassment and race discrimination at the workplace. Plaintiff asserts her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5. This matter is now before the Court on three motions filed by defendant: *Motion to Compel*, Doc. No. 92; *Motion to Continue Deposition*, Doc. No. 94; and *Motion for Continuation of Discovery Cut Off*, Doc. No. 95.[1] These three motions are fully at issue: Doc. Nos. 92, 102, 110, 94, 101, 111, 95, 100 and 109. For the reasons set forth below, all three motions are **GRANTED**.

A.    **Defendant's Motion to Compel**

In *Defendant's Motion to Compel*, Doc. No. 92, defendant asks that plaintiff, who is proceeding without the assistance of counsel, be compelled to produce notes, calendars, journals

---

[1] A number of other motions are pending but are not yet ripe for the Court's consideration.

and/or diaries to which she referred during her August 10, 2006, deposition.

    **1.    Standard**

Fed. R. Civ. P. 37(a) permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. The Court is satisfied that the prerequisites to a motion to compel have been met in this case. *See Defendant's Motion to Compel* at 7-8 and *Exhibits 4, 5, 6* attached thereto.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.,* 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

    **2.    Discussion**

Throughout her deposition, plaintiff testified under oath that she is in possession of notes, calendars, journals and/or diaries in which she recorded specific instances of misconduct by

defendant or its employees and which gave rise to the claims asserted in this action. *See, e.g.*, *Plaintiff's Deposition*[2] ("*Pl. Dep.*") at 127-130, 132, 143, 146-47, 149, 152, 155-56, 161, 164. Moreover, plaintiff indicated in her deposition that she had purposely withheld these documents from defendant so that she would not "give [her] whole case," *Pl. Dep.* at 146, away before it could "all come out" in court.[3] Defendant's *Motion to Compel* seeks production of these documents.

In her unsworn response to defendant's *Motion to Compel*, plaintiff makes no express reference to these notes, calendars, journals and/or diaries, but merely states that she has produced all relevant information. *Objection to Defendant's Motion to Compel and Motion to Dismiss*[4] at 1. According to defendant, plaintiff has produced only her tax returns since her deposition. *Defendant's Reply Memorandum in Support of Defendant's Motion to Compel and Memorandum Contra Plaintiff's Objection to Defendant's Motion to Compel and Motion to Dismiss at in Support of Motion to Compel* at 2.

These notes, calendars, journals and/or diaries are without question relevant to the claims asserted by plaintiff in this action and are therefore discoverable by defendant. Plaintiff testified under oath at her deposition that she is in possession of such relevant documents and her unsworn, non-specific response to defendant's *Motion to Compel* simply does not demonstrate

---

[2] This deposition was electronically filed with this Court on September 15, 2006. Doc. No. 99.

[3] This Court specifically explained to plaintiff during that deposition that the purpose of pretrial discovery is to permit the parties to learn as much as possible about the case, with a view to resolving the case on its merits, and that withholding relevant information so that it can later be used to "ambush" the opposing party at trial would not be tolerated. *Pl. Dep.* at 198-99.

[4] Although plaintiff asks this Court to "dismiss" defendant's *Motion to Compel*, this document is plaintiff's memorandum in opposition to the motion.

3

that plaintiff has met her discovery obligations in this regard.

Accordingly, defendant's *Motion to Compel* is **GRANTED;** plaintiff is **ORDERED** to produce the notes, calendars, journals and/or diaries within ten (10) days of the date of this *Opinion and Order*.

B.  **Defendant's Motion to Continue Deposition**

In its *Motion to Continue Deposition*, defendant seeks leave to continue plaintiff's deposition for an additional day following production of her notes, calendars, journals and/or diaries.

1.  **Standard**

Pursuant to Fed. R. Civ. P. 30(d)(2) a deposition is to be limited to one day consisting of seven hours. However, the rule also provides that a "court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Leave of court will be "granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . the person to be examined has already been deposed in the case[.]" Fed. R. Civ. P. 31(a)(2)(b).

In relevant part, the principles articulated in Fed. R. Civ. P. 26(b)(2) relate to increasing the number or the length of depositions if the court determines that the discovery sought is not unreasonably cumulative or duplicative, or is not obtainable from some other source that is more convenient, less burdensome, or less expensive.

2.  **Discussion**

Throughout her deposition, plaintiff avoided substantive response to defendant's inquiry, explaining that she needed to refer to notes, calendars, journals and/or diaries maintained by her

before she could adequately respond to defense counsel's inquiries.  For example:

> Q. No.  Back.  I want specific examples, please, of comments directed towards you.
>
> A. I can't give you quotes.  I would have to look at my diary for that.

*Pl. Dep.* at 132.

> Q. Do you recall any of the comments that were made by Elaine?
>
> A. I do recall.
>
> Q. What are they?
>
> A. But it is hard for me to state them. We will have to -- we will have to bring the Magistrate in then.  Because it is hard for me, and again, in the interest of accuracy, I need to be able to look at, you know, my notes and see, you know, I don't want to –
>
> Q. And that is your journal?
>
> A. That's right.  And I don't want to be here saying one thing and not the other, that is why I am saying this in general terms, so I am not saying something that she didn't say.  She said lots of things, but whether I am going to sit here and actually quote something that was said two or three years ago . . . .

*Pl. Dep.* at 143-44.

> Q. So you are holding back information --
>
> A. I'm not holding back information.  I cannot quote something that was said two or three years ago without looking at whatever personal notes I made about the incident.  I did not bring that material with me today.

*Pl. Dep.* at 146-47.

> Q. When are you going to provide me with this information?
>
> A. When I -- I don't have it here. . . . I cannot tell you word for word without going over my own personal notes about the different incidents.

*Pl. Dep.* at 148-49.

> Q. But if you had the journal, then you could recall?

5

      A.      I have a lot of little things. I have notes. I have calendars. I have lots of things that I use, if anything -- if I had a bad day, I might make a small note somewhere and say this happened and that happened. So, yeah, I can go back and trace.

*Pl. Dep.* at 152.

Additionally, plaintiff testified:

I would have to look at my records. I am not prepared to give you specifics. . . . Well it would help me to name individuals and incidents. I don't recall- I have all of these things documented pretty much, and I don't recall all of the information just off the top here. . . . I would have to look at my notes to recall that . . . . I am telling you generally speaking, without pretending that I can quote someone, without going back to look over whatever notes that I have. . . . I can't tell you right now sitting here. I have to look at my files and see what I've-what I've got.

*Pl. Dep.* at 156, 161, 164, 168.

It is clear to this Court that defendant was deprived of the opportunity to conduct a fair examination of plaintiff. The Court therefore concludes that additional time for plaintiff's deposition is warranted. *See* Fed. R. Civ. P. 30(d)(2). The information sought by defendant in a continued deposition of plaintiff is certainly not "unreasonably cumulative or duplicative, [and] is not obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2).

Consequently, the *Motion to Continue Deposition* is **GRANTED**. Plaintiff is **ORDERED** to contact defense counsel within five (5) days of the date of this *Opinion and Order* to schedule her continued deposition, which must in any event be completed before October 31, 2006.

### C. Defendant's Motion for Continuation of Discovery Cut Off

The current discovery completion date is September 22, 2006. *See Preliminary Pretrial*

6

*Order*, Doc. No. 16. In defendant's *Motion for Continuation of Discovery Cut Off*, defendant requests an enlargement of time in which to complete discovery.

      1.      **Standard**

Rule 16(b) of the Federal Rules of Civil Procedure "permits modification to the scheduling order 'upon a showing of good cause and by leave of the . . . judge.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Additionally, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

      2.      **Discussion**

Defendant requests that the case schedule be modified to permit it to continue plaintiff's deposition. As discussed *supra*, defendant has been denied a fair opportunity to make full and proper inquiry of plaintiff on deposition. That denial, moreover, is a consequence – not of lack of diligence on defendant's part – but of plaintiff's failure to cooperate in the discovery process. While it is unclear that plaintiff would suffer any prejudice by virtue of defendant's requested extension of the discovery completion date, any such prejudice would in any event be attributable to plaintiff's own actions.

Defendant has made a proper showing of good cause for its requested enlargement of time in which to complete discovery. Accordingly, the *Motion for Continuation of Discovery Cut Off* is **GRANTED**. All discovery must be completed no later than October 31, 2006.

**WHEREUPON** defendant's *Motion to Compel*, Doc. No. 92, defendant's *Motion to Continue Deposition*, Doc. No. 91, and defendant's *Motion for Continuation of Discovery Cut Off*, Doc. No. 95, are **GRANTED**.  The discovery completion deadline is **EXTENDED** to October 31, 2006, and the dispositive motion filing deadline is **EXTENDED** to December 1, 2006.  Plaintiff is **ORDERED** to:

1) Produce to defendant her private notes, calendars, journals and/or diaries to which she referred in her August 10, 2006, deposition within ten (10) days of the date of this *Opinion and Order*; and

2) To confer with defense counsel within five (5) days of the date of this *Opinion and Order* to set a date for her continued deposition, which must be completed by October 31, 2006.

Plaintiff is **ADVISED**  that her failure to strictly comply with this *Order* will result in the imposition of sanctions, including the possibility of dismissal of this action.

September 22, 2006                                                                  *s/Norah McCann King*
Date                                                                                              United States Magistrate Judge
                                                                                                       Norah McCann King